KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO JAYME MEDINA (1),<br>JOSE MARTINEZ-GONZALEZ (2),<br><br>Defendants. | Criminal Case No. 08CR2125-WQH<br><br>Date: August 4, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 4<br><br>The Honorable William Q. Hayes<br><br>**UNITED STATES' NOTICE OF MOTIONS AND MOTIONS FOR:**<br><br>**(1) RECIPROCAL DISCOVERY; AND**<br>**(2) LEAVE TO GRANT FURTHER MOTIONS** |

PLEASE TAKE NOTICE that on August 4, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, will move the Court to enter an order granting the following motions.

/ /

/ /

/ /

**MOTIONS**

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby moves this Court for an order granting the following motions for:

1. Reciprocal Discovery; and
2. Leave to File Further Motions

The motions noted above are based on the files and records of this case, together with the a separately captioned statement of facts and memorandum of points and authorities.

DATED: July 11, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ Joseph J.M. Orabona
JOSEPH J.M. ORABONA
Assistant United States Attorney

KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ROBERTO JAYME MEDINA (1), JOSE MARTINEZ-GONZALEZ (2), Defendants. | ) | Criminal Case No. 08CR2125-WQH<br>Date: August 4, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 4<br>The Honorable William Q. Hayes<br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Motions in the above-referenced case for (1) Reciprocal Discovery; and (2) Leave to File Further Motions. These motions are based on the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

/ /

/ /

/ /

**I**

**STATEMENT OF THE CASE**

On June 25, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Roberto Jayme Medina and Jose Martinez-Gonzalez ("Defendants") with bringing in illegal aliens for financial gain, transportation of illegal aliens and aiding and abetting, in violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii), 1324(a)(1)(A)(ii) and 1324(a)(1)(A)(v)(II), and 18 U.S.C. § 2. On June 25, 2008, Defendants were arraigned on the Indictment and pled not guilty. The motion hearing is on August 4, 2008. The United States files the following motions for reciprocal discovery and leave to file further motions.

**II**

**STATEMENT OF FACTS**

**A. <u>OFFENSE CONDUCT</u>**

On June 9, 2008, at approximately 8:40 p.m., Supervisory Border Patrol Agent S. Pitts, a member of the El Cajon Station Abatement Team, was performing anti-smuggling operations near Campo, California. Agent Pitts observed a green, Jeep Cherokee ("Jeep") pull over to the side of the road with its lights out in an area commonly known as "Split Rock." This area is located approximately five miles east of the Tecate, California, Port of Entry and approximately five hundred yards north of the U.S./Mexico international border.

The driver of the Jeep headed eastbound on State Route 94 ("SR-94") with his headlights off. Agent Pitts observed several individuals attempting to conceal themselves by ducking down in the rear seat of the Jeep. Agent Pitts used his agency radio to communicate with other agents what he had just observed. Senior Border Patrol Agent C. Devenport heard the radio communication and started to drive westbound on SR-94 toward Agent Pitts' location near "Split Rock."

Agent Devenport observed the Jeep, which matched the description given by Agents Pitts, driving eastbound on SR-94 at a high rate of speed. Agent Devenport turned his vehicle around and headed eastbound on SR-94 behind the Jeep. Agent Devenport noticed that once he began following the Jeep, it started to decelerate rapidly. The driver rapidly applied his brakes several times. Agent Devenport also noticed that the back end of the Jeep was riding extremely low.

Agent Devenport continued to follow the Jeep as it headed north on Buckman Springs Road. Agent Devenport contacted Border Patrol Dispatch and advised them that he would be conducting a vehicle stop on the Jeep at the intersection of Buckman Springs Road and Old Highway 80 in Pine Valley, California. The Jeep turned north onto Old Highway 80 and continued about three hundred yards before pulling over to the side of the road.

At approximately 9:40 p.m., Agent Devenport, with the assistance of Agents Vasquez and Diaz, approached the Jeep and identified themselves as U.S. Border Patrol Agents. Agents Devenport, Vasquez and Diaz questioned all of the occupants of the Jeep, including the driver, later identified as Roberto Jayme Medina, and one of the rear passengers, later identified as Jose Martinez-Gonzalez. All of the occupants of the Jeep were arrested and transported to the Border Patrol Station for processing.

**B. DEFENDANTS' ADVISAL OF RIGHTS**

**1. *Defendant Medina***

On June 10, 2008, at approximately 2:31 a.m., Agent Diaz advised Defendant Medina of his constitutional rights pursuant to Miranda. Defendant Medina acknowledged that he understood his rights and exercised his constitutional right to remain silent. Agents ceased all questioning.

**2. *Defendant Martinez***

On June 10, 2008, at approximately 4:04 a.m., Agent Diaz advised Defendant Martinez of his constitutional rights pursuant to Miranda. Defendant Martinez acknowledged that he understood his rights, waived his Miranda rights, and agreed to speak with Agents without the presence of an attorney.

Defendant Martinez admitted that he was a citizen and national of Mexico. He was born in Morelia, Michoacan, Mexico. Defendant Martinez admitted that he did not have any documents that would allow him to enter or remain in the United States. Defendant Martinez stated that he crossed into the United States on June 9, 2008 by going underneath the U.S./Mexico international border fence near the Tecate, California, Port of Entry. Defendant Martinez stated that he was going to pay $2,400.00 to be smuggled to Los Angeles, California.

Defendant Martinez denied being the foot-guide. He also stated that he did not see who was driving the Jeep that he was arrested in.

/ /

**C. MATERIAL WITNESS' STATEMENTS**

Material Witnesses Paulo Estrada-Ceja, Jorge Estrada-Ceja, and Conrado Artega-Rodriguez, admitted to being citizens and nationals of Mexico without documents that would allow them to enter or remain in the United States. Each material witness stated that they made arrangements in Tijuana, Mexico, to be smuggled into the United States. The three material witnesses admitted that either they or their family agreed to pay between $2,500 and $2,600 to be smuggled into the United States. All of the material witnesses positively identified Defendant Martinez from a photographic lineup as the foot-guide that crossed the group illegally into the United States. The material witnesses stated that Defendant Martinez instructed the group to follow him and used a radio to communicate with a person on a lookout point. One of the material witnesses positively identified Defendant Medina from a photographic lineup as the driver of the Jeep.

**D. DEFENDANTS' IMMIGRATION HISTORY**

Defendant Medina is a citizen of the United States and resides in San Diego, California.

Defendant Martinez is a citizen and national of Mexico. Records checks reveal that Defendant Martinez has been apprehended approximately six times by U.S. Border Patrol.

**E. DEFENDANTS' CRIMINAL HISTORY**

Defendant Medina has a prior felony conviction on November 7, 2007 for vehicle theft, in violation of California Vehicle Code § 10851(A), and he was sentenced to 20 days jail followed by 3 years of summary probation. On January 29, 2008, Defendant Medina's probation was revoked, reinstated, and modified on different terms.

According to criminal records checks, Defendant Martinez has no criminal convictions.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

## III

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. MOTION FOR RECIPROCAL DISCOVERY

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

#### 1. Defendant's Disclosures Under Fed R. Crim. P. 16(b)

The United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). As of the date of this Motion, the United States has produced 226 pages of discovery (including reports of the arresting officers and agents, criminal history reports, and documents concerning Defendant's prior convictions) and 1 DVD-rom. As of the date of this Motion, the United States has not received any reciprocal discovery from Defendant. Thus, the United States invokes Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States.

The United States hereby requests Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence at the trial, or which was prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1). The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

#### 2. Witness Statements Under Fed. R. Crim. P. 26.2

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a statement made by Defendant. Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in accordance with the Jencks Act.

The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**B. <u>MOTION FOR LEAVE TO FILE FURTHER MOTIONS</u>**

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

**IV**

**<u>CONCLUSION</u>**

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Reciprocal Discovery and Leave to File Further Motions.

DATED: July 11, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROBERTO JAYME MEDINA (1),<br>JOSE MARTINEZ-GONZALEZ (2),<br>Defendants. | Criminal Case No. 08CR2125-WQH<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the **Notice of Motions and Motions** For (1) Reciprocal Discovery; and (2) Leave to File Further Motions; together with the separately captioned Statement of Facts and Memorandum of Points and Authorities on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Erick Guzman
   Federal Defenders of San Diego, Inc.
   225 Broadway, Suite 900
   San Diego, California 92101
   Tel: (619) 234-8467
   Email: erick_guzman@fd.org
   *Attorney for Defendant Medina*

2. Holly Hanover
   Law Office of Holly Hanover
   1016 La Mesa Avenue
   Spring Valley, California 91977
   Tel: (619) 295-1264
   Email: netlawyr@aol.com
   *Attorney for Defendant Martinez*

A hardcopy will be delivered to chambers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 11, 2008.

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney