HOLLY S. HANOVER, Esq.
California State Bar Number 177303
1016 La Mesa Ave.
Spring Valley, CA 91977
Telephone: (619) 295-1264
E-Mail: Netlawyr@aol.com
Attorney for Defendant, Jose Martinez Gonzalez

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**(THE HON. WILLIAM Q. HAYES)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**JOSE MARTINEZ GONZALEZ (2),**<br>**Defendant.** | ) | **CASE NO. 08cr2125-WQH**<br><br>**DATE: August 4, 2008**<br>**TIME: 2:00 p.m.**<br><br>**NOTICE OF MOTIONS and MOTIONS TO:**<br><br>**1) COMPEL DISCOVERY;**<br>**2) SUPPRESS EVIDENCE**<br>**3) JOIN in CO-COUNSEL'S PREVIOUSLY FILED PRE-TRIAL MOTIONS; and for**<br>**4) LEAVE TO FILE FURTHER MOTIONS** |

**TO: KAREN P. HEWITT, or current UNITED STATES ATTORNEY, AND JOSEPH J.M. ORABONA, or current ASSISTANT UNITED STATES ATTORNEY:**

PLEASE TAKE NOTICE that on August 4 at 2:00 p.m., or as soon thereafter as counsel may be heard, the defendant, Jose Martinez Gonzalez, by and through his counsel, Holly S. Hanover, will ask this Court to enter an order granting the motions listed below.

//

//

//

//

//

//

//

//

**MOTIONS**

The Defendant, Jose Martinez Gonzalez, by and through his attorney, Holly S. Hanover, pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order to:

1) Compel Discovery;

2) Suppress Evidence

3) Join in Co-Counsel's previously filed Pretrial motions; and to

4) Grant leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

**Respectfully submitted,**

**Dated: July 21, 2008**

s/ Holly S. Hanover

**Attorney for Mr. Jose Martinez Gonzalez**
**E-mail: Netlawyr@aol.com**

HOLLY S. HANOVER, Esq.
California State Bar Number 177303
1016 La Mesa Ave.
Spring Valley, CA 91977
Telephone: (619) 295-1264
E-Mail: Netlawyr@aol.com
Attorney for Defendant, Jose Martinez Gonzalez

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**(THE HON. WILLIAM Q. HAYES)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, | ) | **CASE NO. 08cr2125-WQH** |
| | ) | **DATE: August 4, 2008** |
| v. | ) | **TIME: 2:00 p.m.** |
| | ) | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION** |
| **JOSE MARTINEZ GONZALEZ (2),** Defendant. | ) | |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based, in part, on the indictment, the complaint and initial statement of facts and other information provided by the United States Attorney's office. Counsel has received a few hundred pages of discovery thus far. The facts set forth in these motions are subject to amplification and/or modification at the time these motions are heard and are not adopted by the defense.

On Monday, June 9, at approximately 8:40 p.m., border patrol agent Steven F. Pitts saw a green Jeep Cherokee pulled over to the side of the highway. Agent Pitts then observed the jeep begin to drive along the road toward him. It is believed to be in dispute as to whether the lights in the vehicle were on or off when the vehicle was driving along the road. Agent Pitts called agent "Davenport" whom was apparently driving ahead of the Cherokee on SR-94, and agent Davenport turned his vehicle around to intercept the Cherokee.

Agent Davenport claims that the vehicle was being driven at a high rate of speed, and decelerated quickly when it approached his vehicle[1]. Agent Davenport then turned around again and followed the Cherokee while calling in a to check the status of the vehicle (a vehicle registration check, a 72-hour lane check, and a stolen vehicle check). He was about to stop the vehicle when it pulled over on its own. Other agents arrived, and rounded up individuals from the vehicle and placed them all under arrest at approximately 9:40 p.m.

Mr. Martinez Gonzalez was one of the occupants of the vehicle. He was arrested and ultimately charged with violating 8 U.S.C. §1324. He was not interviewed until approximately 4:04 a.m. the next morning, when he denied acting as a foot guide, and claimed he was to pay for his own passage. He remains in custody while the case proceeds.

## II.

## THE COURT SHOULD COMPEL THE GOVERNMENT TO PRODUCE DISCOVERY

Jose Martinez Gonzalez makes the following discovery motion pursuant to Rule 12(b)(4) and Rule 16. This request is not limited to those items that the prosecutor has actual knowledge of, but rather includes all discovery listed below that is "in the possession, custody, or control of any federal agency participating in the same investigation of the defendant." United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

***Mr. Martinez Gonzalez may eventually also request a detailed list of specific items that may not yet have been produced, and is requesting***

[1] Mr. Medina is accused of driving the vehicle, and within motions filed by Mr. Medina, he disputes that he was driving with the lights off or doing anything illegal when the vehicle was pulled over. (See declaration filed previously by Mr. Medina) Mr. Martinez Gonzalez was not in any position to see the driver or know if the lights on or what speed the vehicle was travelling, so he must rely on the declaration of Mr. Medina.

***that the government turn over and allow his counsel to view and inspect all items at the earliest possible date. He also specifically requests that the government retain, preserve and prevent from destruction, all evidence seized in this case (Including any cell phones or other physical items seized) so that counsel may have the opportunity to re-test it and have it's own expert examine it if necessary.***

(1) Mr. Martinez Gonzalez' Statements. The government must disclose: (1) copies of any written or recorded statements made by Mr. Martinez Gonzalez; (2) copies of any written record containing the substance of any statements made by Mr. Martinez Gonzalez; and (3) the substance of any statements made by Mr. Martinez Gonzalez which the government intends to use, for any purpose, at trial. **This includes any hand-written notes made by agents and any co-conspirator's or material witness alleged statements as well, as well as any video or audio recorded statements.** See Fed. R. Crim. P. 16(a)(1)(A). Mr. Martinez Gonzalez also specifically requests that the circumstances surrounding any alleged waiver of his right to counsel and right to remain silent be disclosed as well.

Statements of Others; the defense moves for an order directing the government to permit the defense to inspect and copy any statements of any co-defendant or co-conspirator, material witness, or confidential informant that the government intends to offer against defendant under Fed. R. Evid. 801(d)(2)(E), including, but not limited to:

(A) Relevant written or recorded statements made by any co-defendant or claimed co-conspirator, indicted or unindicted, that are in the government's possession, custody, or control, or that through due diligence may become known to the government; and

(B) The substance of any oral statement that the government intends to offer in evidence at the trial of this matter made by any co-defendant or claimed co-conspirator,

> indicted or unindicted, before or after arrest, in response to interrogation by any person known to the declarant to be a government agent.

(2) Mr. Martinez Gonzalez's Prior Record. Mr. Martinez Gonzalez requests complete disclosure of his prior record if one exists. See Fed. R. Crim. P. 16(a)(1)(B).

(3) Documents and Tangible Objects. Mr. Martinez Gonzalez requests the opportunity to inspect, copy, and photograph all documents and tangible objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to her. See Fed. R. Crim. P. 16(a)(1)(C).

(4) Reports of Scientific Tests or Examinations. Mr. Martinez Gonzalez requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial. See Fed. R. Crim. P. 16(a)(1)(D). Mr. Martinez Gonzalez notes that no fingerprint analyses have been produced. If such analyses exist, Mr. Martinez Gonzalez requests a copy.

(5) Expert Witnesses. Mr. Martinez Gonzalez requests the name and qualifications of any person that the government intends to call as an expert witness. See Fed. R. Crim. P. 16(a)(1)(E). Mr. Martinez Gonzalez requests written summaries describing the bases and reasons for the expert's opinions. See id. This request applies to any fingerprint and handwriting experts that the government intends to call.

(6) Brady Material. Mr. Martinez Gonzalez requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment. See Brady v. Maryland, 373 U.S. 83 (1963), Williams v. Taylor, 120 S.Ct. 1479 (2000), Strickler v. Greene, 527 U.S. 263 (1999).

Impeachment evidence falls within the definition of evidence

favorable to the accused, and therefore Mr. Martinez Gonzalez requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct. See United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976); Kyles v. Whitley, 514 U.S. 419 (1995).

In addition, Mr. Martinez Gonzalez requests any evidence tending to show that a prospective government witness: (I) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or his testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic. ***This would specifically include any and all reports involving any investigations and grand jury testimony pertaining to the investigating and arresting agents, material witnesses, or confidential sources in this case.***

(7) Request for Preservation of Evidence. Mr. Martinez Gonzalez specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.

(8) Any Proposed 404(b) Evidence. "[U]pon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Rule 404(b). Fed. R. Evid. 404(b). Mr. Martinez Gonzalez requests such notice as soon as possible, in order to allow for adequate trial preparation.

(9) Witness Addresses. Mr. Martinez Gonzalez requests the name and last known address of each prospective government witness. He also

requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.

(10) Jencks Act Material. Mr. Martinez Gonzalez requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500. This production will avoid needless delays at pretrial hearings and at trial. ***This request includes any "rough" notes taken by the agents in this case;*** these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1). ***This request also includes production of transcripts of the testimony of any witness before the grand jury. Counsel would like access to all witnesses' last known address so an attempt can be made to contact them.*** See 18 U.S.C. § 3500(e)(3).

(11) Residual Request. Mr. Martinez Gonzalez intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Martinez Gonzalez requests that the government provide himand his attorney with the above-requested material sufficiently in advance of trial.

(12) Government Examination of Law Enforcement Personnel Files Mr. Martinez Gonzalez requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses. Mr. Martinez Gonzalez requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other conduct like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in Henthorn remanded for in camera review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Martinez Gonzalez prior to trial. Mr. Martinez Gonzalez specifically requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review the files, under Henthorn, should be the prosecutor's and not the officers'. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

## III.

## THE COURT SHOULD SUPPRESS EVIDENCE SEIZED IN VIOLATION OF MR. MARTINEZ GONZALEZ' RIGHTS

### A. This Court Should Suppress Evidence Obtained in Violation of the Fourth Amendment.

The Fourth Amendment's prohibition of unreasonable searches and seizures extends to seizures of the person and brief investigatory stops of vehicles. See United States v. Brignoni-Ponce, 422 U.S. 873, 878 (1975). An officer may not detain a motorist without "a particularized and objective bases for suspecting the particular person stopped of criminal activity." United States v. Cortez, 449 U.S. 411, 417-418 (1981). This "objective basis, or 'reasonable suspicion' must consist of 'specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity.'" United States v. Garcia-Camacho, 53 F.3d 244, 246 (9th Cir. 1995) (citations omitted);

accord United States v. Sigmond-Ballesteros, 285 F.3d 1117, 1120 (9th Cir. 2002) (finding that district court erred in finding that vehicle stop was unconstitutional).

In the instant case, the arresting officer did not have reasonable suspicion to stop the vehicle in this case. The driver of the vehicle claims that he was driving pursuant to all California vehicle codes, with the lights on, and was not speeding or giving agents any cause to pull the vehicle over. The agent ran a 72 hour lane check to see if the Cherokee had crossed into the United States, was reported stolen, or wasn't current on its registration, and it appears everything was in order, or the agent would have put any problems with this license plate check in his report.

Because the agents did not have reasonable suspicion to pull the Cherokee over, the subsequent arrest and detention of Mr. Martinez Gonzalez was unconstitutional.

**B. All Statements Given Buy the Material Witnesses and Jose Martinez Gonzalez Were the Fruits of the Poisonous Tree and Should Be Suppressed.**

All evidence and the fruits of the unconstitutional stop and detention (*e.g.*, statements given by the material witnesses and Mr. Martinez Gonzalez), all evidence seized from them and from the Cherokee) must be suppressed. See Wong Sun v. United States, 371 U.S. 471 (1963); see also United States v. Romero-Bustamente, 337 F.3d 1104 (9th Cir. 2003) (finding Fourth Amendment violation, suppressing alien material witnesses, and requiring dismissal of indictment).

**C. This Court Should Conduct An Evidentiary Hearing.**

Right now, there seems to be a factual dispute about the circumstances surrounding the stop of the vehicle. If the Court wishes additional inquiry into the factual situation, an evidentiary hearing

could shed additional light in the determination about whether or not agents had sufficient legal cause to make such a stop of the vehicle.

**IV.**

**MR. MARTINEZ GONZALEZ REQUESTS PERMISION TO JOIN IN MOTIONS FILED BY MR. MEDINA**

To the extent this request is not redundant, Mr. Martinez Gonzalez respectfully requests to join in motions filed by counsel for Mr. Medina. Specifically, to Suppress Evidence, the Produce the Grand Jury Transcripts, and to Preserve and Inspect Evidence Seized.

**V.**

**THE COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS**

In order to properly present additional pretrial motions, Mr. Martinez Gonzalez needs more information which may be provided through counsel's discovery request. As more information comes to light and as additional research and/or investigation is completed, additional substantive motions may be necessary. Accordingly, Mr. Martinez Gonzalez requests that the Court permit him to file further motions before trial.

**VI.**

**CONCLUSION**

For the foregoing reasons, Mr. Martinez Gonzalez respectfully requests that the Court grant his motions.

**Respectfully submitted,**

**Dated: July 21, 2008**

s/ *Holly S. Hanover*
Holly S. Hanover
Attorney for Jose Martinez Gonzalez
E-mail: Netlawyr@aol.com

HOLLY S. HANOVER, Esq.
California State Bar Number 177303
1016 La Mesa Ave.
Spring Valley, CA 91977
Telephone: (619) 295-1264
E-Mail: Netlawyr@aol.com
Attorney for Defendant, Jose Martinez Gonzalez

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**(THE HON. WILLIAM Q. HAYES)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** **Plaintiff,** | ) | **CASE NO. 08cr2125-WQH** |
| | ) | |
| | ) | **DATE: August 4, 2008** |
| **v.** | ) | **TIME: 2:00 p.m.** |
| | ) | |
| **JOSE MARTINEZ GONZALEZ (2),** **Defendant.** | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| | ) | |

**IT IS HEREBY CERTIFIED THAT:**

I, Holly Hanover, am a citizen of the United States and am at least 18 years of age. My business address is 1016 La Mesa Ave., Spring Valley, CA, 91977

I have cause the service of the Motion for Discovery et. al. in on this case. The following recipients are currently on the list to receive e-mail notices for this case and have thus been served electronically at the following e-mail addresses:

//

//

//

//

//

//

//

//

| **Name:** | **E-mail Address:** |
| --- | --- |
| Tamara DeHaan | dehaanesq@cox.net |
| Erick Guzman | erick_guzman@fd.org,<br>marylou_belteton@fd.org |
| Joseph J.M. Orobona | joseph.orabona@usdoj.gov,<br>efile.dkt.gc1@usdoj.gov,<br>glory.rascon@usdoj.gov |

**Respectfully submitted,**

**Dated: July 21, 2008**

**s/** *Holly Hanover*

**Attorney for Mr. Martinez-Gonzalez**

**E-mail: Netlawyr@aol.com**